

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# Yuan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2976

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yuan v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1163.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1163

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2976

_____

ZHOU YU YUAN,
Petitioner

v.

ALBERTO GONZALES,
Attorney General of the United States,
Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A75 962 388)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2005
Before:  McKEE, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed: May 18, 2005)

_____

OPINION

_____

WEIS, Circuit Judge.

Petitioner is a 36-year-old native and citizen of China who entered the

United States in 1997.  He asked for asylum and withholding of removal as well as relief

under Article III of the Convention Against Torture.  No claim under the Convention has

been pursued in this appeal.

The Immigration Judge ("IJ") rejected the petitioner's claims and the Board of Immigration Appeals affirmed without opinion. We, therefore, look to the IJ's opinion underlying the appeal. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004).

Because we write only for the parties and they are familiar with the facts, we will only briefly summarize the background.

At the hearing before the IJ, petitioner asserted that after giving birth to a child, his wife was forced to undergo the insertion of an IUD. She later had the IUD removed and became pregnant. When birth control officers learned of her pregnancy, they took the wife to the hospital where an abortion was performed.

The petitioner's house was sealed pending payment of a fine of approximately $360. Unable to pay this amount, petitioner said that he left his home province and moved to another area where he was able to obtain construction work over the next two years. On hearing that officials planned to arrest him, petitioner said that his relatives in the United States offered to lend him $30,000 to pay the smuggler who ultimately got him into the United States. So far as the record reveals, the petitioner's wife and daughter remain in China.

The IJ found petitioner not credible and cited a number of inconsistencies in his testimony. Petitioner presented differing versions of his travels with his wife after she was informed she had to have an abortion, the distances between various towns, details of

2

his employment after the fine was levied, and similar matters. The most questionable part of the petitioner's testimony related to the fact that he could borrow $30,000 to pay a smuggler, but not $360 to pay his fine in China.

Our review of the record persuades us that there was sufficient evidence to justify the IJ's findings that petitioner was not credible and that he had not established a well-founded fear of persecution if returned to China.

Accordingly, the petition for review will be denied.